UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN BUNCIO, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>HOST INTERNATIONAL, INC., a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>　　　　　　Defendants. | Case No. CV-09-01374 GHK (PJWx)<br><br>[Assigned to the Hon. George H. King]<br><br>~~STIPULATION FOR~~ **PROTECTIVE ORDER**<br><br>Action Filed: January 20, 2009<br>Trial Date:　　None<br><br>NOTE CHANGES MADE BY THE COURT. ON PAGES 4 AND 6. |

In connection with discovery in this lawsuit, Plaintiff Glenn Buncio ("Plaintiff(s)") has sought and/or may seek or inquire about certain documents, written discovery responses, deposition testimony and other information containing confidential information, including personnel and payroll records concerning current and former employees of Defendant Host International, Inc. ("Defendant") who are putative class members in this lawsuit. Defendant desires to protect the confidentiality, use and dissemination of such information and to avoid piecemeal stipulations and motions. This Protective Order, however, applies only to documents or information Plaintiff and Defendant (collectively, the "Parties") have agreed to produce, will agree to produce pursuant to this Protective Order or which they may be ordered to produce by the Court. Further, the parties have agreed to send putative class members notice (*i.e.*, a Belaire West notice) that Plaintiff has requested that Defendant produce their private contact information and informing them of their right to object to disclosure of such information.

Upon the stipulation of counsel for Plaintiff and counsel for Defendant, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties request that the Court order as follows:

1. Any and all information, documents (including electronic data and communications) and materials covered by this Protective Order ("Confidential Information") shall be used solely for the prosecution of the instant action and for no other purpose or publication, whether directly or indirectly, and shall not be disclosed, delivered or their existence made known or exhibited to any Person (the term "Person" shall be defined herein as any natural person or business, legal or governmental entity or association of any character whatsoever, together with any and all partners, trustees, officers, directors, employees or agents thereof) except in accordance with the provisions of this Protective Order.

2. Confidential Information received from an opposing Party may be disclosed only to: (i) the attorneys for the Parties in this litigation and (ii) the employees and clerical assistants of, or assigned to, such attorneys, including legal assistants and paralegals, to whom it is necessary to disclose such information for purposes of this litigation. In addition, counsel for a respective Party may disclose Confidential Information they have received from an opposing Party to: (a) actual or potential independent testifying experts or consultants; (b) third Party vendors supplying necessary services in connection with the litigation; (c) the named Plaintiff or Plaintiffs; (d) any private mediator designated by the Parties and (e) present or former Corporate officers or employees of Defendant or of Defendant's parent company, affiliates and successors to whom it is necessary to disclose such information for purposes of this litigation; provided, however, that all such Persons in subsections (a) through (e) who receive Confidential Information or to whom it is disclosed must agree to be bound by the terms of this Protective Order by executing <u>Exhibit "A"</u> attached hereto prior to any disclosure of "Confidential Information" received from an opposing Party. Where Confidential Information is

designated as "Attorneys' Eyes Only," counsel for a respective Party may disclose such information only to such Persons in subsections (a), (b), (d) and (e), above. A copy of Exhibit "A" must be retained by counsel for each side after its execution. No other Person shall have access to Confidential Information without Court approval or the advance written agreement of the Parties.

3. Any Party or non-Party in good faith may designate Confidential Information (including, without limitation, documents, answers to interrogatories, deposition testimony or any other information or materials produced or disclosed by the Party or non-Party during or any other pretrial proceedings in this action (collectively, the "Discovery Materials")) as "Confidential" or "Attorneys' Eyes Only" in the manner described below, thereby giving notice that said Party reasonably believes in good faith that there is cause for confidential treatment of the Discovery Materials pursuant to the applicable provisions of the Federal Rules of Civil Procedure or other applicable law. All such materials so designated, including copies, summaries or abstracts, shall be treated as "Confidential."

4. Each page of any Discovery Materials produced that are to be designated as Confidential Information shall be designated by cover letter, stated on the record of any deposition or stamped or conspicuously hand-written, in ink:

**<u>CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER</u>**

All Discovery Materials produced by any Party or non-Party for inspection or copying shall be treated as Confidential Information during inspection, if marked or designated as Confidential Information as provided above, or by the agreement of the Parties. Any Discovery Materials provided by a Party or non-Party and not marked "Confidential" or "Attorneys' Eyes Only," shall be treated as Confidential Information under the Protective Order for a period of fifteen (15) business days after such production. If any Party wishes to designate such material as "Confidential," or for "Attorneys' Eyes Only," it shall notify the other Party in writing that the Discovery Materials are "Confidential" or for "Attorneys' Eyes

Only," and, thereafter, said Discovery Materials shall be treated as Confidential Information under this Protective Order. Designation of Confidential Information hereunder may be made at any time to be effective upon and after such designation. Testimony may be designated as Confidential Information in whole or in part; counsel shall designate on the record prior to or concurrently with such disclosure that it is Confidential Information, in which case each page of the portion of any transcript so designated (together with the front/cover page) shall be stamped with the foregoing legend, and all transcripts so stamped shall be maintained separately, subject to the provisions of this Protective Order. In addition, counsel shall have twenty (20) days from receipt of any deposition, hearing or trial transcript to designate portions thereof as confidential. Until the expiration of this twenty (20) day period, all testimony, transcripts and exhibits shall be treated as Confidential Information under this Protective Order.

5. If any Party wishes to submit Confidential Information to the Court, the party must file the procedures set forth in Local Rule 79-5.1. ~~the submission must be filed only in a sealed envelope bearing the caption of this action and a notice in the following form:~~

~~CONFIDENTIAL INFORMATION~~

~~Glenn Buncio, on behalf of himself and all others similarly situated v. Host International, Inc., a Delaware Corporation, and DOES 1 through 100, inclusive~~

~~Case No. CV-09-01374 GJK (JWJx)~~

~~This envelope, which is being filed under seal, contains documents that are subject to a Protective Order governing the use of confidential discovery material.~~

6. This Protective Order shall be without prejudice to the right of the Parties, in accordance with the Federal Rules of Civil Procedure and Local Rules of the Central District of California:

    (a) To submit a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or

information, including restrictions differing from those as specified herein or

    (b)    To submit a motion to the Court for modification of this Protective Order based on discovery of subsequent information that the Party believes would require modification.

7. Except for as provided in paragraph 2, counsel for the Parties shall keep all materials designated as "Confidential Information" or for "Attorneys' Eyes Only," which are received under the Protective Order secure within their exclusive possession and shall place such materials in a secure area.

8. If a Party disagrees with another Party's "Confidential" or "Attorneys' Eyes Only" designation, the challenging Party must nevertheless abide by the same until the matter is resolved by agreement or by the Court. There is no time limit for disputing any "Confidential" or "Attorneys' Eyes Only" designation. If at any time a dispute with regard to particular Confidential Information arises, the Parties shall meet and confer to resolve that issue within 10 court days of a written request to do so by the Party challenging such designation. If the Parties cannot reach an agreement, the designating Party must move within 20 days of the conclusion of the meet and confer for a ruling from the Court on the continued application of confidential treatment of such information. The burden shall be on the designating Party to establish the confidential nature of the information. The Parties may agree, in writing, to different times to perform the items in this paragraph, or such time may be modified on application to the Court upon a showing of cause. This paragraph does not prevent a Party contesting confidentiality from filing a motion at any time permitted by applicable rules or statutes.

9. This Protective Order shall apply to copies, duplicates, notes, memoranda and any other documents or media including verbal communications that refer, in whole or in part, to the Confidential Information covered by this Protective Order.

10. If any Party is served with a subpoena requiring the served Party to produce the originating Party's Confidential Information, notice shall be given to the originating Party promptly, and the originating Party shall take reasonable steps (with which all Parties shall reasonably cooperate) to ensure that such materials are not disclosed.

11. Upon final termination of the instant action, all Confidential Information, and copies, summaries or extracts thereof, shall be returned to the counsel for the Party that originally produced them within thirty (30) days, or by agreement, the non-disclosing Party may destroy all such documents or other media with Confidential Information and counsel for the non-disclosing Party shall certify in writing that such destruction has occurred. Until such time, all provisions of this Protective Order will remain in full force and effect, unless the Parties agree otherwise in writing. This paragraph shall not be interpreted to require the return, disclosure or destruction of a Party's own documents, which includes materials which may reference Confidential Information but are protected by the attorney-client privilege or work product doctrine.

12. Counsel for the Parties to this Protective Order shall not, for themselves or for any Person acting on their behalf, make more copies or reproductions of Confidential Information than is reasonably necessary for the conduct of this litigation.

13. Nothing contained in this Protective Order shall preclude the use of Confidential Information at trial or at depositions, ~~provided that such Confidential Information be so used in accordance with the terms of this Protective Order or with appropriate safeguards agreed upon by all Parties or ordered by the Court, unless the Court or the Parties determine that no safeguards are necessary~~ or ~~appropriate.~~ If such Confidential Information is used in depositions, such Confidential Information and all portions of the transcripts of such depositions and exhibits thereto that refer or relate to such information shall be treated as

confidential as provided herein.

14. The parties to this Protective Order agree that the United States District Court in and for the Central District of California shall have continuing jurisdiction over any and all disputes arising out of this Protective Order. Any Party who violates the Protective Order will be subject to all available remedies, including but not limited to, monetary sanctions.

AGREED AS TO FORM AND CONTENT:

Respectfully submitted,

/s/
Scott B. Cooper

SCOTT B. COOPER (CA Bar # 174520)
The Cooper Law Firm, P.C.
2030 Main Street, Suite 1300
Irvine, CA 92614
Telephone: 949.724.9200
Facsimile: 949.724.9255

ROGER R. CARTER (CA Bar # 140196)
The Carter Law Firm
2020 Main Street, Suite 1300
Irvine, CA 92614
Telephone: 949.260.4737
Facsimile: 949.260.4754

Attorneys for Plaintiff
GLENN BUNCIO

/s/
Margaret Rosenthal

MARGARET ROSENTHAL (CA Bar # 147501)
mrosenthal@bakerlaw.com
SABRINA L. SHADI (CA Bar #205405)
sshadi@bakerlaw.com
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA 90025-7120
Telephone: 310.820.8800
Facsimile: 310.820.8859

NANCY MORRISON O'CONNOR
(DC Bar #418380)
*Admitted* pro hac vice
nancy.oconnor@bgllp.com
Bracewell & Giuliani LLP
2000 K Street, Suite 500
Washington, D.C. 20006
Telephone: 202.828.5846
Facsimile: 202.857.2140

ROBERT E. SHEEDER (TX Bar #18174300)
Admitted *pro hac vice*
robert.sheeder@bgllp.com
Bracewell & Giuliani LLP
1445 Ross Avenue, Suite 3800
Dallas, Texas 75202
Telephone: 214.758.1643
Facsimile: 214.758.8340

Attorneys for Defendant
HOST INTERNATIONAL, INC.

## ORDER

Based upon the Stipulation for Protective Order filed concurrently herewith, and finding good cause therefore, it is hereby ORDDERED that:

The Protective Order is hereby GRANTED.

DATED: November 24, 2009

_____
Honorable Patrick J. Walsh
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN BUNCIO, on behalf of himself and all others similarly situation,<br><br>Plaintiff,<br><br>v.<br><br>HOST INTERNATIONAL, INC., a Delaware Corporation, and DOES 1 Through 100, inclusive,<br><br>Defendants. | Case No. CV-09-01374 GJK (PJWx)<br><br>CONFIDENTIALITY ATTESTATION<br><br>Action Filed: January 20, 2009<br>Trial Date: None |

## CONFIDENTIALITY ATTESTATION

I hereby attest to my understanding that information and/or documents designated "Confidential" may be provided to me pursuant to the terms, conditions and restrictions of a Stipulation and Protective Order signed by the Parties to the action captioned Glenn Buncio v. Host International, Inc., that I have been given a copy of the Stipulation and Protective Order, have had its meaning and effect explained to me by the attorneys providing me with such information and documents and that I hereby agree to be bound by its terms.

I further agree that I shall not disclose to others, except in accordance with the Protective Order, such information or documents, and that such information or documents shall be used only for the purposes of the legal proceeding in which the documents were produced.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this legal proceeding.

I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court.

_____
Signature and Date

502625126